J. Saudek *v.* Tenn. Colonial and Immigration Co.

## J. SAUDEK *v.* TENN. COLONIAL AND IMMIGRATION CO.

EVIDENCE. *Entered minutes of a corporation. May be impeached by parol evidence. When.* The entered minutes of a corporation may be shown to be the act of the secretary, never approved by the directory; for this purpose parol evidence may be introduced.

FROM DAVIDSON.

Appeal from the Circuit Court. EUGENE CARY, Judge.

NEIL S. BROWN for Saudek.

EDWARD H. EAST for Tenn. Colonial and Immigration Co.

McFARLAND, J., delivered the opinion of the Court.

The plaintiff brought this action against the defendant, an incorporated company, to recover an amount which he alleges is due him, for services rendered as agent of the company.

The verdict and judgment were for the defendant; the plaintiff has appealed in error. The question before the Court below was, what was the true contract under which the plaintiff acted as agent. By the plaintiff it was insisted that there was an absolute contract to pay him $3,000 per annum, and a certain commission upon subscriptions he might obtain to the capital stock. For the defendant it was insisted that the company only agreed to pay the plaintiff a salary

19

of $3,000 out of cash subscriptions he might obtain; that unless he obtained the money, he was not to be paid out of the company's other stock subscribed.

To support his view of the case the plaintiff introduced an entry from the books of the company, containing a resolution of the directors, showing that the plaintiff was employed at a salary of $3,000. The defendant introduced evidence tending to show that the resolution was entered by the secretary, after the action was taken, and that it was never approved; that it did not contain the real contract, which was as they insist, that the $3,000 was to be paid out of the cash subscription taken by the plaintiff. Upon this proof the plaintiff requested the Circuit Judge to charge the jury that the written entry referred to was a written contract between the parties, which could not be varied by parol evidence. This was refused, and the jury told to look to all the evidence to determine what the real contract was. In this we think His Honor was very clearly correct. It is true that the corporation, in making the contract, may have acted by resolution of its board of directors; but it does not follow that the entry made by their secretary upon their books, is to be taken as conclusive evidence, of which the resolution in fact was. It is clear that this entry is not to be taken as a written contract, signed and entered into by the parties; it was properly looked to as evidence, but was not conclusive. The jury found for the defendant, and their finding is sustained by the evidence. We are of

opinion that there is no error in the record, and the judgment will be affirmed.